IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00036–CMA–KMT

WILLIAM G. CLOWDIS, JR.,

    Plaintiff,

v.

COLORADO HI-TEC MOVING & STORAGE, INC.,
KEVIN DICKENS,
KAREN A. DICKENS, and
WHEATON VAN LINES, INC.,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Plaintiff's "Motion to Reconsider Recommendation to Compel Arbitration." (Doc. No. 69, filed Nov. 16, 2011.) In his Motion, Plaintiff seeks to have to court reconsider its Recommendation (Doc. No. 68, filed Nov. 3, 2011) due to a "major flaw in the logic of the Court's reasoning" (Mot. at 2).

    "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten

days of the judgment; Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff's Motion was filed thirteen days after the Recommendation was entered. Therefore, the court will consider Plaintiff's request for review pursuant to Rule 60(b). *See id.*

There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff does not argue that there was an intervening change in controlling law—in fact, Plaintiff's Motion does not contain even a single citation to relevant case law or other authority.[1] Nor does Plaintiff maintain that the availability of new evidence justifies relief.

Rather, Plaintiff insist that the court should reconsider its Recommendation because "Plaintiff had not anticipated [the reasoning underlying the court's Recommendation] until the Court presented it for the first time in its [Recommendation]." (Mot. at 2.) Therefore, Plaintiff maintains, "Plaintiff did not have an opportunity to point out the logical flaw in this argument, until now." (*Id.*) Rule 60(b) does not contemplate such a basis for relief.

---

[1] Plaintiff's utter failure to support his Motion with any legal authority is particularly noteworthy. For example, without any supporting case law or other authority, Plaintiff again maintains that "the Motion to Compel was a Rule 12 Motion, taking place before discovery." (Mot. at 8.) This unsubstantiated proposition directly contradicts the legal standard outlined in the Recommendation, where the court cited *several* cases that make clear that "this district approaches disputes over whether the parties have agreed to arbitrate by applying 'a standard similar to that governing motions for summary judgment.'" (Recommendation at 8 (citing *Stein v. Burt-Kuni One, LLC,* 396 F. Supp. 2d. 1211, 1213 (D. Colo. 2005); *Goodwin v. H.M. Brown & Assocs., Inc.*, 10-cv-01205-PAB-MEH, 2011 WL 820025, at *3 (D. Colo. Mar. 2, 2011); *In re Universal Serv. Fund Tel. Billing Practices Litigation*, 300 F. Supp. 2d 1107, 1116 (D. Kan. 2003)).

In any event, the court declines to reconsider its Recommendation. Even if the court's logic was "fatally flawed" as Plaintiff suggests, only a recommendation, rather than an order, has been entered as to Defendants' Motion to Compel Arbitration. As such, Plaintiff may challenge the Recommendation by filing appropriate objections thereto. Indeed, the Recommendation itself specifically advised the parties as to the procedures for objecting to proposed findings and recommendations contained therein; it also appears that Plaintiff has availed himself of that opportunity. (*See* Doc. No. 70, filed Nov. 16, 2011.) Altogether, because none of the bases for relief under Rule 60(b) apply here, Plaintiff's recourse is limited to filing appropriate objections to the Recommendation with District Judge Christine M. Arguello.

Therefore it is

ORDERED that Plaintiff's ""Motion to Reconsider Recommendation to Compel Arbitration." (Doc. No. 69) is DENIED.

Dated this 23rd day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge