**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00036-CMA-KMT

WILLIAM G. CLOWDIS, JR.,

      Plaintiff,

v.

COLORADO HI-TEC MOVING & STORAGE,
KEVIN DICKENS,
KAREN A. DICKENS, and
WHEATON VAN LINES, INC.,

      Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

---

      This matter is before the Court due to Plaintiff's failure to comply with the Court's order to submit periodic status reports to the Court. For the following reasons, this Court dismisses this case without prejudice for failure to prosecute.

## I.    BACKGROUND

      The relevant facts of this case are laid out in Judge Kathleen Tafoya's recommendation that Defendant's motion to compel arbitration and stay proceedings be granted (Doc. # 68), which this Court adopted on March 15, 2012. (Doc. # 75.) On March 26, 2012, the case was administratively closed pursuant to District of Colorado Local Civil Rule 41.2, and the parties were ordered to file status reports every 90 days, beginning June 25, 2012. (Doc. # 76.) On that date, both sides filed individual

status reports.  (Doc. # 77, 78.)  With the exception of a Motion to Withdraw as Attorney filed by one of the defendants on April 19, 2013 (Doc. # 79), there has been no subsequent activity in the case.  On January 14, 2014, the Court ordered the parties to show cause as to why this case should not be dismissed for failure to file the required status reports.  (Doc. # 81.)

Defendants Colorado Hi-Tec and Mr. and Mrs. Dickens filed their status report on January 14, 2014, stating that they had not heard from Plaintiff since June 25, 2012. (Doc. # 84.)  In its January 21, 2014 status report, Defendant Wheaton Van Lines asserted that Plaintiff's counsel had not taken any affirmative steps toward securing an arbitrator.  (Doc. # 86, at 2.)  In Plaintiff's status report, also filed on January 21, 2014, Plaintiff's counsel took responsibility for Plaintiff's failure to file status reports and stated that Plaintiff did not proceed with arbitration because he is unemployed and could not afford to do so.  (*Id.*, ¶¶ 64-65, 69.)[1]

## II.   LEGAL STANDARD AND DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a court can dismiss an action *sua sponte* for failure to prosecute or to comply with the court's orders.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).  A court may dismiss a case for failure to prosecute after considering the following criteria: "(1) the degree of actual prejudice to the defendant;

---

[1] On March 17, 2014, all parties filed additional status reports.  (Doc. # 87, 88, 89.)  Defendants Colorado Hi-Tec and Wheaton reported that subsequent to the January filings, Plaintiff had reported no additional efforts to schedule arbitration.  (Doc. ## 87, 88.)  In his status report, Plaintiff claimed he was unsure if the Court had granted him permission to proceed with arbitration.  (Doc. # 89, ¶ 5.)

(2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).   Rather than a rigid test, these factors "represent criteria for the district court to consider prior to imposing dismissal as a sanction."   *Id.*   "Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (citation omitted).

In the instant case, all of the *Ehrenhaus* factors weigh strongly in favor of dismissal as a sanction.   First, Plaintiff's failure to proceed with arbitration and submit status reports adversely affected Defendants because they were prepared to move forward with arbitration when Plaintiff ceased communicating with them.   (Doc. # 77, ¶¶ 2, 3).   As a result, Plaintiff caused Defendants needless time and expense in preparing briefs, motions, and status reports, and deprived Defendants of the prompt opportunity to have the claims against them adjudicated.   *See Williams v. Ocwen Loan Servicing, LLC,* No. 10-cv-01578-WJM-KLM, 2011 WL 1595991, at *2 (D. Colo. March 15, 2011) (a plaintiff's neglect of the case prejudiced defendants because defendants expended time and resources to prepare motions and it would have further wasted defendant's time and resources to require it to continue to defend the action).

Second, Plaintiff's failures to prosecute this case and to comply with the Court's Order necessarily interfered with the effective administration of justice.   Plaintiff's

recusant failure to submit status reports evidenced a lack of respect for the Court and increased the Court's workload.  *See Lynn v. Roberts*, No. 01–cv–3422–MLB, 2006 WL 2850273, at *7 (D. Kan. Oct.4, 2006) (plaintiff's failure to follow procedural rules and court orders interfered with the judicial process because it "required the court to expend extra time and resources to deal with his repeated violations".) obstinate

Third, Plaintiff is solely responsible for what can only be described as inexcusable delays in this case, which derive from his failure to seek arbitration.[2] Plaintiff claims that he failed to comply with the Court's orders because his attorney forgot to submit the required status reports and he could not afford to arbitrate.  (Doc. # 85, ¶¶ 64-65, 69.)  But a lawyer's mistake does not excuse a plaintiff's failure to comply with court orders, s*ee Link*, 370 U.S. at 633, and Plaintiff does not explain how his alleged penury justifies his failure to supply this Court with a report.

Fourth, Plaintiff had advanced notice of sanctions of dismissal for noncompliance.  Plaintiff had constructive notice of such a sanction "that is, notice (1) without an express warning and (2) objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words) is sufficient."  *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (internal quotation marks omitted) (litigant received constructive notice where district court had earlier entered show cause order warning that failure to file status report may result in

---

[2]  Under Colorado law, "[t]he general rule is that the party asserting a claim has the burden to initiate arbitration."  *Mountain Plains Constructors, Inc. v. Torrez*, 785 P.2d 928, 930 (Colo. 1990).  Plaintiff advances no argument suggesting an exception to this general rule and, thus, has forfeited any such argument.  *See United States v. Hall*, 473 F.3d 1295, 1313 n. 5 (10th Cir.2007) (stating failure to meaningfully develop arguments will forfeit them on appeal).

dismissal without prejudice). Based on the totality of these circumstances, Plaintiff received such constructive notice when the Court ordered the parties to submit status reports. Plaintiff was therefore aware that the continuation of the case was contingent upon his compliance with this directive. In addition, advance notice can be attributed to the Court's show-cause order on January 14, 2014. *See Rogers*, 502 F.3d at 1152 (a district court's show cause order was sufficient to constitute advance notice of the possibility of dismissal for failure to prosecute). Once again, Plaintiff's attorney's admitted culpability is insufficient to overcome his failings. "[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation, certainly known to every competent attorney." *Id.*

Finally, in light of Plaintiff's delinquency in prosecuting this case, the Court finds that no sanction less than outright dismissal, without prejudice, would be effective. Because Plaintiff claims he cannot afford to arbitrate, it is highly unlikely that monetary sanctions would have any effect. *See Echenique v. Goodwill*, No. 13cv00556–PAB–MJW, 2014 WL 459776, at *6. (D. Colo. Jan. 16, 2014). Given the totality of the circumstances and Plaintiff's failure to comply with this Court's orders, dismissal without prejudice is appropriate.[3]

---

[3] This Court is unaware of the rules of arbitration that apply to Plaintiff's claims and whether Plaintiff has forfeited his ability to arbitrate by failing to promptly pursue this remedy. Thus, the issue of whether Plaintiff's failure to proceed with arbitration precludes any relief from this Court or renders Plaintiff susceptible to a motion under Rule 12 is not before this Court at this time.

### III.   **CONCLUSION**

Accordingly, it is hereby ORDERED that this case is DISMISSED WITHOUT

PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to prosecute.

DATED:  April __17__, 2014

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge